UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00580-MR

| | |
|---|---|
| DAMETRI DALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TERESA JARDON, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, [Doc. 1], which the Court construes as a Petition for Writ of Mandamus; Motion to Proceed in Forma Pauperis, [Doc. 3]; and Motion for Oral Arguments, [Doc. 5].

**I.    BACKGROUND**

Pro se Petitioner Dametri Dale ("Petitioner") is a prisoner of the State of North Carolina currently incarcerated at Foothills Correctional Institution in Morganton, North Carolina. On October 20, 2022, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus, which he purports to bring under 28 U.S.C. § 2241 and 28 U.S.C. § 2254. [Doc. 1].

Petitioner alleges as follows. On July 13, 2022, Petitioner was found guilty by a jury of two counts of taking indecent liberties with children in the

Superior Court of Mecklenburg County, North Carolina. [Id. at 1, 3-4]. He was sentenced to 117 to 170 months' imprisonment. [Id. at 4]. On July 16, 2022 and August 1, 2022, Petitioner filed several post-conviction motions, including a Motion for Appropriate Relief (MAR) pursuant to N.C.G.S. § 15A-1415(c). The Mecklenburg County Clerk acknowledged receipt of Petitioner's MAR, but the trial court has "willfully neglected to even acknowledge the post-trial motions." [Id.]. On August 26, 2022, Petitioner filed a petition for writ of habeas corpus in the North Carolina Court of Appeals, which was denied on August 30, 2022 without an opinion. [Id. at 5]. On September 17, 2022, Petitioner filed a petition for writ of mandamus in an unidentified state appellate court "because the trial court has failed to hold a[n] evidentiary hearing, set a date and/or even acknowledge the post-trial motions" and Petitioner is entitled to a hearing under N.C.G.S. § 15A-1420(c)(4).[1] [Id.]. Petitioner has not received a response to this petition. [Id.]. On September 30, 2022, Petitioner filed an MAR in the North Carolina Court of Appeals, which was dismissed "without reason." [Id.]. Petitioner, however, seems to acknowledge that such motion "must be filed in the trial court, if the case is not yet in the appellant [*sic*] court." [Id.]. Petitioner also

---

[1] Petitioner reports in his pending Motion for Oral Arguments that, on October 14, 2022, the North Carolina Court of Appeals denied his petition for writ of mandamus. [Doc. 5 at 1].

alleges that he petitioned for mandamus relief in the North Carolina Supreme Court "with no response," but he provides no other details. [Id. at 6]. Petitioner provides no state court documents in support of his petition.

For relief, Petitioner asks the Court to "compel the trial court to hold a hearing pursuant to N.C.G.S. § 15A-1420(c)(4) and/or to at least respond to the post-trial motions." [Doc. 1 at 8]. As such, despite its caption, the Court will construe the instant petition as one for writ of mandamus.

The Court will first address Petitioner's motion to proceed in forma pauperis.

## II. IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that Petitioner has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month. [Doc. 3 at 1-2]. Petitioner reports having no monthly expenses, no assets, no cash, no money in any bank account, and that no one relies on him for support. [Id. at 2-5]. Petitioner asserts that he has been "wrongfully convicted and [has] lost everything." [Id. at 5]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. DISCUSSION

Petitioner here asks the Court to compel the state trial court to hold a hearing on his pending MAR pursuant to N.C.G.S. § 15A-1420(c)(4) or to otherwise respond to Petitioner's post-trial motions. [Doc. 1 at 8]. This Court has no authority to order a state trial court to act on a pending MAR or to hold a hearing thereon. See 28 U.S.C. § 1361 (granting district courts original jurisdiction over mandamus action "compel[ing] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); Newell v. Soloman, No. 1:17CV254, 2017 WL 7058234 (M.D.N.C. Dec. 1, 2017) (Federal district court's "authority to issue a writ of mandamus extends only to federal officers, employees, or agencies.") (citations omitted). The Court, therefore, will deny Petitioner's petition.[2] Once Petitioner has fully exhausted his state remedies, however, he may file a petition for relief under 28 U.S.C. § 2254 attacking the fact or duration of confinement. The Court here makes no statement regarding the merits of any such petition.

---

[2] Even if Petitioner had sought relief available under 28 U.S.C. § 2254, the Court would dismiss this action for Petitioner's failure to fully exhaust his state remedies. See 28 U.S.C. § 2254(b)(1)(A). The Court also notes that Petitioner apparently expects near immediate response to all motions and requests for relief in the state court. This is not realistic. Clogging the state and federal court systems with premature and frivolous actions will only further delay ruling on already pending matters. Petitioner would be well advised to remain patient, despite his belief in wrongful conviction.

4

Case 3:22-cv-00580-MR   Document 6   Filed 01/03/23   Page 4 of 5

## IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss Petitioner's pending petition, grant Petitioner's motion to proceed in forma pauperis, and deny Petitioner's motion for oral arguments as moot.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED without prejudice** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Oral Arguments [Doc. 5] is **DENIED** as moot.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge